**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 4, 2009

Charles R. Fulbruge III
Clerk

No. 08-60793
Summary Calendar

CRISTIAN ELMER REYES-REYES

Petitioner

v.

ERIC H HOLDER JR, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A99-676-754

Before KING, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

Having conceded removability, Cristian Elmer Reyes-Reyes, a citizen of Guatemala, seeks review of a decision by the Board of Immigration Appeals (BIA) denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). The BIA's factual findings are reviewed under the substantial-evidence standard. *E.g.*, *Mikhael v. INS*, 115

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

F.3d 299, 302 (5th Cir. 1997). Under that standard, "[t]he applicant has the burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion". *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) (citing *Zhao v. Gonzales*, 404 F.3d 295, 306 (5th Cir. 2005)).

Among other things, Reyes has not demonstrated that he is a member of any particular social group. *See Mwembie v. Gonzales*, 443 F.3d 405, 414-15 (5th Cir. 2006); *Sanchez-Trujillo v. INS*, 801 F.2d 1571, 1576-77 (9th Cir. 1986). Arguably, he has failed to adequately brief this factor. In any event, the BIA's denial of asylum and withholding of removal was supported by substantial evidence. *Mwembie*, 443 F.3d at 414-15.

Reyes also fails to establish past torture or a probability of future torture upon his return to Guatemala. Accordingly, substantial evidence supports the BIA's denial of relief under the CAT. *See Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 353-55 (5th Cir. 2002).

DENIED.